UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ROCKY THOMAS TRAVERSIE,<br><br>　　　　　　　　Petitioner,<br><br>　vs.<br><br>WARDEN DARIN YOUNG, MARTY J. JACKLEY, THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA;<br><br>　　　　　　　　Respondents. | 4:16-CV-04039-KES<br><br>AMENDED<br>REPORT AND RECOMMENDATION |

## INTRODUCTION

This matter is before the court on Rocky Thomas Traversie's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  See Docket No. 1.  All pretrial matters in this case are referred to this magistrate judge pursuant to the October 16, 2014, standing order of the Honorable Karen E. Schreier, district judge, and 28 U.S.C. § 636(b)(1)(A) and (B).

## FACTS

Because the petition has only just been filed, the court takes as true the facts alleged by Mr. Traversie in his petition for purposes of this opinion.  See FED. R. CIV. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Mr. Traversie was convicted following a jury trial of first-degree kidnapping, aggravated assault with a dangerous weapon, and several other state felonies.  See Docket No. 1 at p.1.  He was sentenced on April 7, 2015, to 65 years' imprisonment.  Id.  He filed a notice of appeal on his conviction to the South

Dakota Supreme Court on May 8, 2015.  Id. at p. 2.  As of the date Mr. Traversie drafted his federal habeas petition, that appeal was still pending before the South Dakota Supreme Court.  Id.  Mr. Traversie acknowledged when drafting his federal petition that his state court appeal was not over, but stated he wanted to file in federal court before the one-year statute of limitations for filing a federal habeas petition expired.  Id.  Mr. Traversie expressed his understanding that the one-year limitations period began to run on April 7, 2015, the date of his conviction.  Id.

Since the time Mr. Traversie drafted his petition in this case, the South Dakota Supreme Court issued its decision in his direct appeal.  See State v. Traversie, 2016 S.D. 19 (Mar. 9, 2016).  In that direct appeal, Mr. Traversie raised five issues:

1. Sufficiency of the evidence as to the kidnapping conviction;

2. Sufficiency of the evidence as to the aggravated assault on police;

3. Sufficiency of the evidence as to possession with intent to distribute methamphetamine;

4. Whether the trial court erred in refusing to give a defense instruction on kidnapping; and

5. Whether the trial court violated the Eighth Amendment prohibition on cruel and unusual punishment in sentencing him.

Id. at ¶ 8.  The South Dakota Supreme Court rejected all these grounds of alleged error and affirmed the trial court in all respects.  Id. at ¶ 20.

In his federal petition in this court, Mr. Traversie raised the following claims:

1. the prosecution knowingly presented perjured testimony and Mr. Traversie's counsel was ineffective because he characterized the testimony as "inconsistent" instead of "false";

2. ineffective assistance of counsel for failing to move to sever trial on the kidnapping counts from the assault counts, failing to request an evidentiary hearing to argue the appropriateness of testimony, and failure to raise the ineffective assistance claim in Mr. Traversie's direct appeal;

3. insufficient evidence as to the kidnapping charge;

4. judicial abuse of discretion for refusing to give Mr. Traversie's proposed jury instruction on kidnapping based on the Reiman/Curtis test;

5. insufficient evidence to convict on the drug charge;[1] and

6. insufficient evidence to convict for aggravated assault on police.

See Docket No. 1.

Based on the analysis below, this court respectfully recommends that counts one and two of Mr. Traversie's federal petition be dismissed without prejudice for failure to exhaust. The court recommends counts 3-6 be dismissed without prejudice for failure to state a claim.

## DISCUSSION

**A.   Rule 4**

Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to

---

[1] This ground is not set forth in the form portion of Mr. Traversie's petition, but is described in the additional pages of notebook paper accompanying the form. See Docket No. 1 at p. 20.

notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order . . .

This Court's preliminary review, required by Rule 4, reveals that Mr. Traversie's pending § 2254 petition is subject to dismissal because he is not entitled to relief in district court.

**B.    AEDPA Statute of Limitations**

Mr. Traversie is wrong about when the limitations period for his federal habeas petition begins to run. Petitions for habeas relief in federal court collaterally attacking state court convictions are governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). AEDPA contains a one-year statute of limitations. Specifically, 28 U.S.C. § 2244(d) provides in relevant part:

> **(d)**    **(1)** A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> **(B)** the date on which the impediment to filing an application created by State action in violation the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> **(2)**   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be

4

      counted toward any period of limitation under this
      subsection.

See 28 U.S.C. § 2244(d)(1) and (2).

    A judgment or state conviction is final, for purposes of commencing the statute of limitation period, at "(1) either the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (2) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ." Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998). The time allotted for filing a petition for writ of certiorari with the Supreme Court is ninety days. Jihad v. Hvass, 267 F.3d 803, 804 (8th Cir. 2001).

    The statute of limitation for § 2254 petitions is subject to tolling. See 28 U.S.C. § 2244(d)(2). This one-year statute of limitation period is tolled, or does not include, the time during which a properly filed application for state post-conviction relief or other collateral review is pending in state court. Faulks v. Weber, 459 F.3d 871, 873 (8th Cir. 2006); 28 U.S.C. § 2244(d)(2). The phrase "post-conviction or other collateral review" in § 2254's tolling provision encompasses the "diverse terminology that different States employ to represent the different forms of collateral review that are available after a conviction." Duncan v. Walker, 533 U.S. 167, 177 (2001). Thus, § 2254's tolling provision "applies to all types of state collateral review available after a conviction." Id. State collateral or post-conviction proceedings "are 'pending' for the period between the trial court's denial of the [post-conviction relief] and the timely

5

filing of an appeal from it." Maghee v. Ault, 410 F.3d 473, 475 (8th Cir. 2005) (citing Peterson v. Gammon, 200 F.3d 1202, 1203 (8th Cir. 2000)); see also Johnson v. Kemna, 451 F.3d 938, 939 (8th Cir. 2006) (an application for state post-conviction review is pending until a mandate is issued).

However, state proceedings are not pending for the ninety-day period "following the final denial of state post-conviction relief, the period during which an unsuccessful state court petitioner may seek a writ of certiorari from the United States Supreme Court." Jihad, 267 F.3d at 805. Additionally, "[s]tate proceedings are not pending during the time between the end of direct review and the date an application for state [post-conviction relief] is filed." Maghee, 410 F.3d at 475 (citing Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001)). In short, the one-year statute of limitations begins to run after the state conviction is final, is tolled while state habeas proceedings are pending, and then begins running again when state habeas proceedings become final. Curtiss v. Mount Pleasant Corr. Facility, 338 F.3d 851, 853 (8th Cir. 2003).

As can be seen from the above case law, Mr. Traversie's AEDPA statute of limitations has not yet begun to run. It will begin running either (1) 90 days after his state court direct appeal was final (June 7, 2016) or (2) upon the date the United State Supreme Court denies a petition for certiorari, if Mr. Traversie applies for such a writ. Since neither of these events has happened, the AEDPA statute of limitations has not yet begun to run on Mr. Traversie's claims.

6

### C. Mr. Traversie Has Not Exhausted His Ineffective Assistance Claims in State Court

AEDPA limits federal habeas review of state court convictions:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>     (A) the applicant has exhausted the remedies available in the courts of the state; or
>     (B)   (i) there is an absence of available State corrective process; or
>           (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> \* \* \*
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

See 28 U.S.C. § 2254 (b) and (c).

A federal court may not consider a claim for relief in a habeas corpus petition if the petitioner has not exhausted his state remedies. See 28 U.S.C. § 2254(b). "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). If a ground for relief in the petitioner's claim makes factual or legal arguments that were not present in the petitioner's state claim, then the ground is not exhausted. Kenley v. Armontrout, 937 F.2d 1298, 1302 (8th Cir. 1991). The exhaustion doctrine protects the state courts' role in enforcing federal law and prevents the disruption of state judicial proceedings. Rose v. Lundy, 455 U.S. 509, 518 (1982). The Supreme Court has stated:

> Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without

7

> an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."

Rose, 455 U.S. at 518 (citation omitted). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845. "A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993).

Federal courts should, therefore, dismiss a petition for a writ of habeas corpus that contains claims that the petitioner did not exhaust at the state level. See 28 U.S.C. § 2254; Rose, 455 U.S. at 522. The exhaustion requirement is waived "only in rare cases where exceptional circumstances of peculiar urgency are shown to exist." Mellott v. Purkett, 63 F.3d 781, 784 (8th Cir. 1995).

A federal court must determine whether the petitioner fairly presented an issue to the state courts in a federal constitutional context. Satter v. Leapley, 977 F.2d 1259, 1262 (8th Cir. 1992). "To satisfy exhaustion requirements, a habeas petitioner who has, on direct appeal, raised a claim that is decided on its merits need not raise it again in a state post-conviction proceeding." Id.

Mr. Traversie bears the burden to show all available state remedies have been exhausted, or that exceptional circumstances exist which warrant waiver

of exhaustion. Carmichael v. White, 163 F.3d 1044, 1045 (8th Cir. 1998). Mr. Traversie has not made either showing. He has not exhausted his state remedies as to his ineffective assistance claims—grounds 1 and 2 in his federal habeas petition--because those claims were not raised in his direct appeal before the South Dakota Supreme Court. Nor could those claims have been raised on direct appeal. With rare exception, claims of ineffective assistance must be raised in habeas proceedings in state court and are not allowed to be raised on direct appeal. See State v. Craig, 2014 S.D. 43, ¶ 39, 850 N.W.2d 828, 838-39. Mr. Traversie has also not shown exceptional circumstances exist that would excuse the requirement that he first present his claims of ineffective assistance in state court. This federal habeas petition, therefore, is premature as to the ineffective assistance claims. Dismissal without prejudice is appropriate when a prisoner has failed to exhaust his state remedies. Carmichael, 163 F.3d at 1045. For this reason, it is respectfully recommended to the district court that Mr. Traversie's' claims of ineffective assistance of counsel (grounds 1 and 2) of his § 2254 petition be dismissed without prejudice.

The court notes that Mr. Traversie's petition constitutes a mixed petition, with the ineffective assistance claims being unexhausted, and the remaining four claims having been exhausted. However, Mr. Traversie's petition does not present proper circumstances for a stay and abeyance procedure. First, the stay and abeyance procedure is only appropriate where the petitioner can show good cause for having failed to exhaust the unexhausted claims. Rhines v.

Weber, 544 U.S. 269, 277 (2005).  Here, the only reason Mr. Traversie offers for why he filed without first exhausting in state court was his mistaken belief that he needed to do so in order to meet AEDPA's statute of limitations.  As already discussed above, AEDPA's statute of limitations has not even begun to run yet in Mr. Traversie's case.

Second, as will be seen below, Mr. Traversie's remaining four claims are subject to immediate dismissal because they fail to state a claim.  Accordingly, stay and abeyance is inapplicable where the exhausted claims are clearly fruitless.  Rhines, 544 U.S. at 277 (stating "even if a petitioner had good cause for that failure [to exhaust], the district court would abuse its discretion if it were to grant a stay when his unexhausted claims were plainly meritless.").  For these reasons, it is recommended that the stay and abeyance procedure not be used in Mr. Traversie's case.

**D.     Mr. Traversie's Other Four Grounds are Without Merit**

Mr. Traversie's petition is filed pursuant to 28 U.S.C. § 2254.  That statute specifically limits the grounds for habeas relief in federal court as follows:  "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  See 28 U.S.C. § 2254(a) (emphasis supplied).  Where a ground alleged for relief in a § 2254 petition attacks a conviction only upon state law grounds, the petitioner may not obtain federal habeas relief.  See

10

Engle v. Isaac, 456 U.S. 107, 119 (1982); Townsend v. Sain, 372 U.S. 293, 311-12 (1963), overruled on other grounds, Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992).

In Mr. Traversie's § 2254 petition, he alleges only state law violations in support of grounds 3-6. Three of these are garden-variety sufficiency-of-the-evidence claims, and one is a claim that the trial court abused its discretion under state law by failing to give a defense proposed instruction. See Docket No. 1. None of these allegations include any suggestion of a violation of a federal statute, treaty or constitutional right. As such, as a matter of law, they fail to state grounds for relief in a federal habeas petition. The court, therefore, respectfully recommends that grounds 3-6 of Mr. Traversie's petition be dismissed. Even though these grounds were exhausted in state court by having been raised in his direct appeal, the grounds do not suffice to state a claim for relief on a federal habeas petition.

Although circuit courts of appeal are split on the issue, the Eighth Circuit generally favors dismissals under Fed. R. Civ. P. 12(b)(6) to be without prejudice absent evidence of persistent pleading failures. See Rickmyer v. Browne, 995 F. Supp. 2d 989, 1018 (D. Minn. 2014) (citing Michaelis v. Neb. State Bar Ass'n, 717 F.2d 437, 438-39 (8th Cir. 1983)). An additional reason to grant a dismissal of Mr. Traversie's petition without prejudice is so that he will not face the problem of second or successive petitions analysis should he chose to refile a habeas petition in this court after exhausting his state

11

remedies. See e.g. Burton v. Stewart, 549 U.S. 147, 155 (2007). Accordingly, this court recommends dismissal of grounds 3-6 to be without prejudice.

**E.     Evidentiary Hearing and Certificate of Appealability**

If the motion, files and records of the case conclusively establish that the petitioner is not entitled to relief, the Court is not required to conduct an evidentiary hearing. Garcia v. United States, 679 F.3d 1013, 1014 (8th Cir. 2012). There is no need for an evidentiary hearing in this case because it is clear from the record that Mr. Traversie has not completed the required state court exhaustion as to the ineffective assistance claims. His other claims are without merit as a matter of law because they are not based on allegations of a constitutional dimension.

When the district court has denied a motion under 28 U.S.C. § 2254, the petitioner may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). In other words, a "substantial showing" is made if a "court could resolve the issues differently, or the issues deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). Mr. Traversie has not made a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability should likewise be denied.

## CONCLUSION

Based on the foregoing law, facts and analysis, it is hereby recommended that Mr. Traversie's petition be dismissed without prejudice.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Objections must be timely and specific in order to require de novo review by the District Court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 22nd day of March, 2016.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge