UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ROCKY THOMAS TRAVERSIE,<br><br>                   Petitioner,<br><br>   vs.<br><br>WARDEN DARIN YOUNG, and<br>MARTY J. JACKLEY, Attorney General of<br>the State of South Dakota,<br><br>                 Respondents. | 4:16-CV-04039-KES<br><br><br>ORDER ADOPTING REPORT<br>AND RECOMMENDATION IN PART AND<br>DISMISSING CASE |

      Petitioner, Rocky Thomas Traversie, filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. The petition was assigned to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) for the purpose of conducting any necessary hearings, including evidentiary hearings. On March 23, 2016, the Magistrate Judge submitted her Amended Report and Recommendation for disposition of this case to the court. Petitioner filed his objection to the report and recommendation on April 6, 2016. For the following reasons, the court adopts the Magistrate Judge's report as modified by this opinion.

## PROCEDURAL HISTORY

      Traversie was convicted following a jury trial of first-degree kidnapping, aggravated assault with a dangerous weapon, and several other state felonies. *See* Docket 1, p. 1. He was sentenced on April 7, 2015, to 65 years imprisonment. *Id.* Traversie filed a notice of appeal of his conviction to the South Dakota Supreme Court on May 8, 2015. *Id.* at 2. The South Dakota Supreme Court affirmed the conviction on March 9, 2016. *State v. Traversie,* 877 N.W.2d 327 (S.D. 2016). On direct appeal, Traversie raised five issues:

1. Whether there was sufficient evidence to convict on the kidnapping charges.
2. Whether the circuit court erred in refusing to give Traversie's proposed jury instruction on kidnapping.
3. Whether there was sufficient evidence to convict on the aggravated assault charges involving the police officers.
4. Whether there was sufficient evidence to convict on the possession with intent to distribute methamphetamine charge.
5. Whether the circuit court's sentence was cruel and unusual in violation of the Eighth Amendment to the United States Constitution.

*Id.* at 330. The record does not reflect whether a petition for certiorari was filed with the United States Supreme Court or whether a habeas action was filed in the South Dakota state court.

Traversie filed this petition for writ of habeas corpus in federal district court on March 18, 2016.The petition was referred to a Magistrate Judge, who recommends that counts one and two be dismissed without prejudice for failure to exhaust and that counts 3-6 be dismissed for failure to state a claim. Traversie filed timely objections to the report and recommendation.

## STANDARD OF REVIEW

The court's review of a Magistrate Judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations

made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

## DISCUSSION

In his objections to the report and recommendation, Traversie raises new issues he did not raise in his habeas petition. He contends that he did not understand that in addition to describing the facts upon which he was relying, that he also needed to identify the constitutional rights that were the basis for his claim. Docket 6 at 1. He states that in addition to his ineffective assistance of counsel claim, he has additional claims for the use of excessive force in violation of the Fourth and Sixth Amendments and for violating his due process rights under the Fifth and Fourteenth Amendments. *Id.* at 2-4.

The report recommends dismissing grounds 3-6 because they did not allege a violation of a federal statute, treaty or constitutional right. As rephrased by Traversie, these claims now allege a violation of a federal constitutional right. Thus, this court does not accept that portion of the report and recommendation that recommends dismissal of claims 3-6 for failure to state a claim for relief in a federal habeas petition. Similar to claims 1 and 2, however, Traversie has not exhausted his state remedies with regard to these claims. Traversie did not allege violations of his Fourth, Sixth, Fifth or Fourteenth Amendment rights on direct appeal to the South Dakota Supreme Court. And there is no evidence in the record that he filed a state habeas corpus action or appealed the denial of state habeas corpus relief to the South Dakota Supreme Court. The same analysis set forth in pages 7 to 9 of the report and recommendation apply to Traversie's newly framed issues. Because the AEDPA's statute of limitations has not run, the court dismisses all of Traversie's

claims without prejudice for failure to exhaust his state remedies. After the claims are exhausted in state court, a new federal habeas petition can be filed again.

## CONCLUSION

This court has reviewed the Magistrate Judge's report and recommendation, as well as Traversie's objections. This court dismisses Traversie's petition for relief without prejudice. Accordingly, it is

ORDERED that the Report and Recommendation of the Magistrate Judge (Docket 4) is adopted in part as amended by this opinion. The court accepts and adopts in part Traversie's objections (Docket 6).

IT IS FURTHER ORDERED that Traversie is denied a certificate of appealability on all issues because he has not made a substantial showing that reasonable jurists would find the issues debatable or would resolve them differently.

Dated July 1, 2016.

                                BY THE COURT:

                                /s/ *Karen E. Schreier*
                                KAREN E. SCHREIER
                                UNITED STATES DISTRICT JUDGE